IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER WAYNE DEAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR MISTRIAL<br><br>Case No. 1:10-CR-126 TS |

This Memorandum Decision and Order affirms the Court's decision given verbally on the record denying Defendant's Motion for Mistrial.

I. FACTUAL BACKGROUND

In his Initial Appearance in this matter Defendant was ordered detained until trial.[1] Consequently, he remained in custody of the United States Marshal on the day trial began. In the process of selecting a jury for this matter the Court recessed to give the parties time to consider their peremptory challenges. Defendant was then in the courtroom. Defendant's Counsel wanted to discuss the challenges privately with Defendant, but was concerned that the jury pool—a large

---

[1] Docket No. 7.

1

portion of which was milling about the courtroom at the time—would know Defendant was in custody if the Deputy Marshals accompanied him from the room. Two Deputy Marshals were in the courtroom. They were dressed in plain clothes and seated inconspicuously. Defendant was asked to join his Counsel to discuss the use of his peremptory challenges in private. Defendant left the Courtroom to join his counsel in the conference room at the front of the courtroom. The Deputy Marshals followed Defendant nonchalantly at a reasonable distance. They did not flank Defendant or rush after him.

Outside of the jury pool's presence, Defendant then moved for a mistrial on the grounds that the members of the jury pool who were in the courtroom when Defendant exited were made aware that Defendant is in custody because the Deputy Marshals followed Defendant. The government opposed the Motion, arguing mistrial was not warranted in this instance.

## II. DISCUSSION

Criminal defendants have a constitutional right to a fair trial.[2] As part of this right "'one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of . . . continued custody . . . .' This does not mean, however, that every practice tending to single out the accused from everyone else in the courtroom must be struck down."[3]

In *Holbrook v. Flynn*, the United States Supreme Court stated that certain practices, such as requiring a defendant to appear before a jury in prison clothes or bound and gagged, require

---

[2]*Holbrook v. Flynn*, 475 U.S. 560, 562 (1986)

[3]*Id.* at 567 (quoting *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978)).

close judicial scrutiny and are only "justified by an essential state interest specific to each trial."[4] However, the Court held that four uniformed police sitting on the first row of the public benches in the courtroom not only did not violate the defendants' Sixth and Fourteenth Amendment rights, but did not even constitute "the sort of inherently prejudicial practice" that requires close judicial scrutiny.[5] The Court alternatively held:

> We note, moreover, that even were we able to discern a slight degree of prejudice attributable to the troopers' presence at respondent's trial, sufficient cause for this level of security could be found in the State's need to maintain custody over defendants who had been denied bail after an individualized determination that their presence at trial could not otherwise be ensured. Unlike a policy requiring detained defendants to wear prison garb, the deployment of troopers was intimately related to the State's legitimate interest in maintaining custody during the proceedings and thus did not offend the Equal Protection Clause by arbitrarily discriminating against those unable to post bail or to whom bail had been denied.

Thus, even when some prejudice may occur, a defendant's right to a fair trial is not violated if the prejudice arises from reasonable security measures in light of the specific case.

Several circuit courts have addressed whether a mistrial should be granted when some indication is given to the jury that the defendant is in custody during the trial. The courts have uniformly rejected the proposition that mistrials must be granted in such instances.[6]

---

[4]*Id.* at 568-69.

[5]*Id.*

[6]*United States v. Lattner*, 385 F.3d 947, 959-60 (6th Cir. 2004) ("[The defendant] is not entitled to a new trial simply because several jurors briefly observed him in handcuffs while he was being escorted onto an elevator. Such brief juror observation does not create the level of prejudice to the defendant that was contemplated [by the Supreme Court] . . . [and is] not grounds for a new trial."); *United States v. Halliburton*, 870 F.2d 557, 559-60 (9th Cir. 1989) (right to fair trial was not impaired because two jurors saw the defendant in handcuffs outside an elevator); *Dupont v. Hall*, 555 F.2d 15, 17 (1st Cir. 1977) (affirming the denial of mistrial where

The Court finds that the prejudice, if any, caused by the DeputyMarshals following Defendant from the courtroom is justified by the Marshals' "legitimate interest in maintaining custody" of Defendant. Defendant has been ordered confined and is in the custody of the U.S. Marshal. It can only be expected that they would accompany him as he chose to leave the courtroom. Any prejudice caused was minimized by the fact that the Deputy Marshals followed Defendant rather than flanked him as he exited the courtroom.

Defendant's Counsel has not requested an instruction be given the jury regarding this matter. The Court feels the risk of prejudice towards Defendant would be increased rather than decreased by an instruction on this matter. Many, if not all, of the jurors are likely not aware that Defendant is in custody given the Marshals' discretion and the timing of Defendant's exit. An instruction about custody could bring the issue to the forefront of the juror's minds where they likely would not consider it otherwise. It is therefore

ORDERED that Defendant's Motion for Mistrial is DENIED.

DATED February 10, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

the entire jury accidentally saw the defendant in confinement); *United States v. Wright*, 564 F.2d 785, 789 (8th Cir. 1977) (affirming the denial of mistrial where jurors may have seen the defendants in custody of Marshals in a hallway outside of the courtroom); *United States v. Chipman*, 513 F.2d 1262, 1263 (5th Cir. 1975) (affirming the denial of mistrial where two jurors rode in an elevator with the Judge, a Marshall, and the defendant who was handcuffed).